UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MITCHELL JAMES DUNN, *et al.,*

    *Plaintiffs,*

    v.                        Case No. 8:25-cv-02264-SDM-AEP

MARK GLASS, *et al.,*

    *Defendants.*

_____/

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants, MARK GLASS, in his official capacity as Commissioner of the Florida Department of Law Enforcement, JAMES UTHMEIER, in his official capacity as Attorney General of the State of Florida, MELISSA WILLIAMSON NELSON, in her official capacity as State Attorney for the 4th Judicial Circuit, BRIAN STUART KRAMER, in his official capacity State Attorney for the 8th Judicial Circuit, SUSAN SHORTER LOPEZ, in her official capacity as State Attorney for the 13th Judicial Circuit, by and through their attorney, the Florida Solicitor General, submits their answer to Plaintiffs' amended complaint (DE 21).

Plaintiffs filed the amended complaint on March 20, 2026, but to date

1

have served only one of the new defendants named in that complaint.[1] Thus, as far as Counsel for the original five defendants knows, none of the new defendants have retained counsel for the instant case. Plaintiffs did serve the amended complaint to the original defendants—Defendants Glass, Uthmeier, Nelson, Kramer, and Lopez. Thus, Defendants Glass, Uthmeier, Nelson, Kramer, and Lopez state as follows in answer to Plaintiffs' amended complaint:

### INTRODUCTION

In response to Plaintiffs' introduction, Defendants admit that Plaintiffs bring this action to challenge Florida Statutes section 790.0655 (1)(a), (2)(a)–(c), and (3)(a), and Article I, section 8(b) and (c) of the Florida Constitution. Defendants deny that Plaintiffs challenge section 790.0655(2)(d), because no such subsection exists in the statute.

Defendants admit that article I, section 8(b) of the Florida Constitution imposes a three-day waiting period between the purchase and delivery at retail of any handgun. Defendants deny that the people of Florida added the waiting period to the Florida Constitution in 1998. They did so in 1990. *See* Op. Att'y Gen. Fla. 91-08 (1991), https://tinyurl.com/5addhw7v (explaining that a supermajority of Florida citizens voted to add the waiting period to the Florida Constitution at the November 6, 1990, general election and it became effective

---

[1] Upon information and belief, on Friday, April 24, 2026, the Plaintiffs served Defendant Alexcia Cox, the State Attorney for the 15th Judicial Circuit.

on January 8, 1991). Defendants admit that Governor Rick Scott signed section 790.0655 into law on March 9, 2018, and that it expanded the State's three-day waiting period to cover purchases of all firearms, not only handguns.

Defendants deny that the only exceptions to the waiting period requirement are for holders of concealed carry permits and for trade-ins of handguns. There is an additional exception for sales from private, non-retailer sellers. *See* Art I., §8, Fla. Const. (defining the waiting period as applying to the "purchase[s] and deliver[ies] *at retail* of any handgun") (emphasis added); *see also* § 790.0655(3)(a), Fla. Stat., (specifying that it is a third degree felony for only a "retailer" or "employee or agent of a retailer" to hand over a firearm before the expiration of the waiting period). And section 790.0655(2)(c) also exempts those purchasing a rifle or shotgun who have successfully completed a 16+ hour hunter safety course and possess a hunter safety certification card, or who hold a Florida hunting license, are exempt from Florida's hunting license fees and requirements under section 379.353.

Defendants deny that the State may prosecute any "purchaser" for obtaining a firearm prior to the expiration of the waiting period. No gun purchaser stands at risk of prosecution under any State waiting period law merely for receiving a firearm in less than three days from the date of purchase. Article 1, section 8 directs the legislature to enact a statute punishing a violation of the waiting period law as a felony. *See* Art I., §8(c),

3

Fla. Const. The legislature did so, stating that only a "retailer" or a retailer's "employee or agent" is guilty of a third-degree felony if they "deliver a firearm before the expiration of the waiting period." § 790.0655(3)(a). A purchaser is guilty of a felony only if he persuades a retailer to hand over a firearm in fewer than three days by "fraud, false pretense, or false representation." § 790.0655(3)(b). Plaintiffs are not challenging the constitutionality of section 790.0655(3)(b). *See* Am.Compl. at 3 n.1. Thus, only gun retailers or their employees stand at risk of prosecution for delivering a firearm in fewer than three days to a purchaser.

Defendants admit that the length of the waiting period—three days— exceeds the time typically required to perform a background check. The remaining allegations in the introduction state a legal conclusion to which no answer is required.

## PARTIES

1. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 1.

2. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 2.

3. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 3.

4. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 4.

5. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 5.

6. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 6.

7. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 7.

8. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 8.

9. Defendants admit that Mark Glass is the Commissioner and Executive Director of the Florida Department of Law Enforcement and that this action is brought against him in his official capacity. Defendants deny all other allegations in this paragraph.

10. Defendants admit that James Uthmeier is the Attorney General of the State of Florida, this action is brought against him in his official capacity, and that he is the chief legal officer for the State of Florida.

11. Defendants admit that State Attorneys Ginger Bowden Madden is the State Attorney for the 1st Judicial Circuit, Jack Campbell is the State Attorney for the 2nd Judicial Circuit, John Durrett is the State Attorney for the 3rd Judicial Circuit, Melissa Williamson Nelson is the State Attorney for

the 4th Judicial Circuit, William Gladson is the State Attorney for the 5th Judicial Circuit, Bruce Bartlett is the State Attorney for the 6th Judicial Circuit, R.J. Larizza is the State Attorney for the 7th Judicial Circuit, Brian Stuart Kramer is the State Attorney for the 8th Judicial Circuit, Monique H. Worrell is the State Attorney for the 9th Judicial Circuit, Brian Haas is the State Attorney for the 10th Judicial Circuit, Katherine Fernandez-Rundle is the State Attorney for the 11th Judicial Circuit, Ed Brodsky is the State Attorney for the 12th Judicial Circuit, Susan Shorter Lopez is the State Attorney for the 13th Judicial Circuit, Larry Basford is the State Attorney for the 14th Judicial Circuit, Alexcia Cox is the State Attorney for the 15th Judicial Circuit, Dennis W. Ward is the State Attorney for the 16th Judicial Circuit, Harold F. Pryor is the State Attorney for the 17th Judicial Circuit, William Scheiner is the State Attorney for the 18th Judicial Circuit, Thomas Bakkedahl is the State Attorney for the 19th Judicial Circuit, and Amira Fox is the State Attorney for the 20th Judicial Circuit. Defendants admit that this action is brought against the twenty State Attorneys in their official capacities. Defendants admit that each State Attorney is the chief prosecuting officer of the trial courts in their respective circuits.

12. Defendants admit that all State Attorney Defendants prosecute in their respective circuits violations of State law at trial, which could include prosecuting violations of the state's waiting period restriction. Defendants

admit that Defendant Uthmeier represents the State in State actions on appeal, which could include defending convictions of the waiting period restriction on appeal. Defendants admit that Defendant Glass enforces the waiting period restriction, but only to the extent that the Florida Department of Law Enforcement might investigate a complaint of a violation of the waiting period restriction.

## JURISDICTION AND VENUE

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

## GENERAL ALLEGATIONS

16. The allegations in paragraph 16 state a legal conclusion to which no answer is required.

17. The allegations in paragraph 17 state a legal conclusion to which no answer is required.

18. The allegations in paragraph 18 state a legal conclusion to which no answer is required.

19. The allegations in paragraph 19 state a legal conclusion to which no answer is required.

20. The allegations in paragraph 20 state a legal conclusion to which no answer is required.

7

21. Defendants lack sufficient knowledge or information to admit or deny the first sentence in this paragraph. Defendants deny the second sentence. The State's waiting period restriction will only expose the individual Plaintiffs to potential criminal consequences if they "obtain delivery of a firearm by fraud, false pretense, or false representation." § 790.0655(3)(b), Fla. Stat. Defendants admit that the waiting period restriction requires the individual Plaintiffs to wait three days before procuring a firearm if they do not meet any of the statutory or constitutional exceptions to the law.

22. Defendants lack sufficient knowledge or information to admit or deny the first sentence in this paragraph. Defendants admit that the Plaintiff Gun Stores risk criminal penalties if they violate the waiting period restriction. Defendants lack sufficient knowledge or information to admit or deny the third and fourth sentences in this paragraph.

23. Defendants admit that Plaintiff NRA brings this action. Defendants lack sufficient knowledge or information to admit or deny details about the NRA's membership in Florida. The remaining allegations in paragraph 23 state a legal conclusion to which no answer is required.

24. The allegations in paragraph 24 state a legal conclusion to which no answer is required.

25. The allegations in paragraph 25 state a legal conclusion to which no answer is required.

8

26. Defendants deny that the waiting period restriction is not directed at gun retailers. Defendants deny that the waiting period restriction is not a commercial regulation. Defendants admit that the waiting period restriction does not regulate private gun sellers. Defendants lack sufficient knowledge or information to admit or deny any other allegations in paragraph 26.

27. Defendants deny that the waiting period restriction is not a commercial regulation. The remaining allegations in paragraph 27 state a legal conclusion to which no answer is required.

28. The allegations in paragraph 28 state a legal conclusion to which no answer is required.

29. The allegations in paragraph 29 state a legal conclusion to which no answer is required.

30.  The allegations in paragraph 30 state a legal conclusion to which no answer is required.

31. The allegations in paragraph 31 state a legal conclusion to which no answer is required.

32. The allegations in paragraph 32 state a legal conclusion to which no answer is required.

**FIRST CLAIM FOR RELIEF**
**Right to Keep and Bear Arms**
**U.S. Const., amends. II and XIV**

33. Defendants reallege and incorporate their responses to paragraphs 1–32 above for their answers to paragraphs 1–32 of Plaintiffs' first claim for relief.

34. The allegations in paragraph 34 state a legal conclusion to which no answer is required.

35. The allegations in paragraph 35 state a legal conclusion to which no answer is required.

36. The allegations in paragraph 36 state a legal conclusion to which no answer is required.

37. Defendants admit that the waiting period restriction imposes criminal penalties on gun retailers who violate the law. *See* § 790.0655(3)(a). Defendants deny that the waiting period restriction imposes criminal penalties on purchasers who have not engaged in fraud, false pretense, or false representation to obtain delivery of a firearm. *See* § 790.0655(3)(b).

38. The allegations in paragraph 38 state a legal conclusion to which no answer is required.

39. The allegations in paragraph 39 state a legal conclusion to which no answer is required.

10

40. The allegations in paragraph 40 state a legal conclusion to which no answer is required.

41. The allegations in paragraph 41 state a legal conclusion to which no answer is required.

42. The allegations in paragraph 42 state a legal conclusion to which no answer is required.

43. The allegations in paragraph 43 state a legal conclusion to which no answer is required.

44. The allegations in paragraph 44 state a legal conclusion to which no answer is required.

45. The allegations in paragraph 45 state a legal conclusion to which no answer is required. Defendants deny, however, that an injunction "invalidate[s]" a law. An injunction enjoins enforcement of a law or ordinance.

**SECOND CLAIM FOR RELIEF**
**Right to Keep and Bear Arms**
**U.S. Const., amends. II and XIV**

**Injunctive Relief**

46. Defendants reallege and incorporate their responses to paragraphs 1–45 above for their answers to paragraphs 1–45 of Plaintiffs' second claim for relief.

47. The allegations in paragraph 47 state a legal conclusion to which no answer is required.

11

48. The allegations in paragraph 48 state a legal conclusion to which no answer is required.

49. The allegations in paragraph 49 state a legal conclusion to which no answer is required.

50. The allegations in paragraph 50 state a legal conclusion to which no answer is required.

51. The allegations in paragraph 51 state a legal conclusion to which no answer is required.

52. The allegations in paragraph 52 state a legal conclusion to which no answer is required.

53. The allegations in paragraph 16 state a legal conclusion to which no answer is required. Defendants deny, however, that an injunction "invalidate[s]" a law. An injunction enjoins enforcement of a law or ordinance.

**THIRD CLAIM FOR RELIEF**
**Right to Keep and Bear Arms**
**U.S. Const., amends. II and XIV**

**Damages**

54. Defendants reallege and incorporate their responses to paragraphs 1–53 above for their answers to paragraphs 1–53 of Plaintiffs' third claim for relief.

55. Defendants admit the allegations in paragraph 55.

56. Defendants admit that Plaintiffs who obtain a judgment are generally entitled to damages under 42 U.S.C. § 1983, but Defendants deny that Plaintiffs have incurred any damages.

57. The allegations in paragraph 57 state a legal conclusion to which no answer is required.

58. The allegations in paragraph 58 state a legal conclusion to which no answer is required. Defendants deny that Plaintiffs have incurred any damages.

## PRAYER FOR RELIEF

Plaintiffs' prayer for relief portion of the amended complaint makes no allegation to which an answer is required. To the extent a response is required, Defendants deny that Plaintiffs have suffered any damages.

Respectfully submitted,

JAMES UTHMEIER
ATTORNEY GENERAL

David Dewhirst
SOLICITOR GENERAL

*/s Christine Pratt*
Jeffrey P. DeSousa (FBN 110951)
Jason J. Muehlhoff
CHIEF DEPUTY SOLICITORS GENERAL
Christine Pratt (FBN 100351)
ASSISTANT SOLICITOR GENERAL

13

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
christine.pratt@myfloridalegal.com

14