UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MITCHELL JAMES DUNN, *et al.*,

Plaintiffs,

v. CASE NO. 8:25-cv-02264-SDM-AEP

MARK GLASS, *et al.*,

Defendants.
_________________________________/

**ORDER**

Sections 8(b) and (c) of Article I of the Florida Constitution state:

> There shall be a mandatory period of three days, excluding weekends and legal holidays, between the purchase and delivery at retail of any handgun. For the purposes of this section, 'purchase' means the transfer of money or other valuable consideration to the retailer, and 'handgun' means a firearm capable of being carried and used by one hand, such as a pistol or revolver. Holders of a concealed weapon permit as prescribed in Florida law shall not be subject to the provisions of this paragraph.
>
> The legislature shall enact legislation implementing subsection (b) of this section, effective no later than December 31, 1991, which shall provide that anyone violating the provisions of subsection (b) shall be guilty of a felony.

Section 790.0655, Florida Statutes, in subsections (1)(a), (2)(a)–(d), and (3)(a) implements Sections 8(b) and (c) of Article I of the Florida Constitution. Section 790.0655(1)(a) states, "A mandatory waiting period is imposed between the purchase and delivery of a firearm. The mandatory waiting period is 3 days, excluding weekends and legal holidays, or expires upon the completion of the records checks

required under s. 790.065, whichever occurs later." Creating certain exceptions, Section 790.0655(2) states in part, "The waiting period does not apply in the following circumstances: (a) When a firearm is being purchased by a holder of a concealed weapons permit as defined in s. 790.06. (b) To a trade-in of another firearm."

Four Florida residents who allege adverse effects from the constitutional and statutory waiting period, two retail firearms businesses, and a national association "devoted to protecting the right to keep and bear arms" sue the Commissioner of the Florida Department of Law Enforcement, the Attorney General of Florida, and Florida's twenty state attorneys, each a constitutional officer of Florida under Article V, Section 17, of the Florida Constitution.

Begun on August 25, 2025, the action includes an amended complaint (Doc. 21) filed on March 20, 2026, and answers (Docs. 26 and 44) by each defendant filed on April 27, 2026, and May 15, 2026, respectively. On June 5, 2026, the plaintiffs filed a notice (Doc. 45) of their accepting an offer of judgment from the defendants. On June 30, 2026, the parties filed a joint motion (Doc. 46) for entry of a judgment to include these determinations:

> Declare pursuant to 28 U.S.C. § 2201 that Florida Statutes § 790.0655(1)(a), (2)(a)–(c), and (3)(a), Article I, section 8(b), and Article VIII, section 5(b) of the Florida Constitution violate the Second Amendment of the United States Constitution, as incorporated against the State of Florida by the Fourteenth Amendment, to the extent those laws require retailers to hold a firearm beyond the time required to perform a background check.
>
> Enter a permanent injunction enjoining Defendants, along with their officers, agents, employees, successors, and all persons acting in concert with them, from enforcing Florida Statutes § 790.0655(1)(a), (2)(a)–(c), and (3)(a), Article I, section 8(b), and Article VIII, section

> 5(b) of the Florida Constitution to the extent they require retailers to hold a firearm beyond the time required to perform a background check. Within seven days of the entry of the Court's Final Judg[]ment, Defendants shall promptly notify all relevant state agencies, law-enforcement personnel, and regulatory bodies of the cessation of the enforcement of the challenged law.
>
> Award Plaintiffs reasonable attorney fees and costs in the amount of-ten thousand dollars ($10,000).
>
> Plaintiffs will not receive damages.

Other than the pleadings, documents pertaining to service and return of process, extensions of time, and other procedural matters, the docket in this action reveals no material record activity, such as a motion to dismiss, a motion for summary judgment, or the like. More specifically, although this action challenges the validity of a provision of the state's constitution and an implementing statute and depends on an application of the Second and Fourteenth Amendments to the Constitution of the United States, the docket is devoid of any discussion (other than the content of the complaint) on the merits of the plaintiffs' claims.

The absence of adversarial presentations is striking. Concerning the constitutionality of a mandatory three-day waiting period, neither the plaintiffs nor the defendants cite any controlling authority from the Supreme Court of the United States or the Eleventh Circuit Court of Appeals. Concerning the constitutionality of a mandatory three-day waiting period, neither the plaintiffs nor the defendants acknowledge the precedent in the other circuit courts of appeals, precedent illustrated by the contrast between *Ortega v. Grisham*, 148 Fed. 4th 1134 (10th Cir. 2025) (discussing unfavorably the constitutionality of a seven-day waiting period), and *Beckwith*

*v. Frey*, 171 Fed. 4th 560 (1st Cir. 2026) (discussing favorably the constitutionality of a three-day waiting period). Based on a complaint, an answer, and the acceptance of an offer of judgment but without adversarial briefing or other argument and despite an array of opinion among the circuits on the governing issue in the action, the parties request a summary adjudication on a matter currently the subject of intense debate and litigation around the country, that affects the United States and the Florida constitutions, and that resolves the validity of a Florida statute.

The "case or controversy" requirement of the United States Constitution demands as a prerequisite to exercising the federal judicial authority a real and tangible dispute, implicitly forbids advisory opinions, and eschews litigation that appears contrived, collusive, or otherwise not actually adversarial. As one authority states, "The principle remains today that if both parties affirmatively desire the same result, no justiciable case is presented." Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, and Richard D. Freer, *Federal Practice and Procedure*, vol. 13, § 3530, p. 690 (3d ed., West 2008). For these reasons, the parties are **DIRECTED** to file within fourteen days a paper, including citation of authority, to explain why an order should not dismiss this action for reasons discussed in *United States v. Johnson*, 319 U.S. 302 (1943), and similar cases.

ORDERED in Tampa, Florida, on September 9, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE