**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

MITCHELL JAMES DUNN, *et al.*,

*Plaintiffs*,

v.

MARK GLASS, *et al.*,

*Defendants*.

Case No. 8:25-cv-02264-SDM-AEP

**DEFENDANTS' RESPONSE TO ORDER ON DISMISSAL**

On August 25, 2025, Plaintiffs sued Defendants seeking to enjoin them from enforcing Florida's constitutional and statutory provisions that require a three-day waiting period for gun sales, arguing that the provisions violate the Second Amendment. Plaintiffs did not strategize or otherwise coordinate with Defendants before this suit. Reviewing the Complaint, Defendants studied the constitutionality of the waiting-period provisions and determined that, under binding Supreme Court and Eleventh Circuit precedent, the challenged provisions violate the Second and Fourteenth Amendments to the Constitution.

Given Defendants' obligation to uphold the United States Constitution and to avoid costly attorneys' fees arising from prolonged litigation under 42 U.S.C. § 1988, Defendants served upon Plaintiffs an offer of judgment that included an injunction preventing state enforcement of the waiting-period

provisions. DE45-1. Plaintiffs timely noticed the Court of their intent to accept pursuant to Federal Rule of Civil Procedure 68. DE45.

On September 9, 2026, this Court ordered the parties to explain why there is still sufficient adversity for a justiciable case. DE47. The order asked the parties to explain why the Court should not dismiss the action for the reasons discussed in *United States v. Johnson*, 319 U.S. 302 (1943), and similar cases.

First, this case materially differs from *Johnson*. There, the Supreme Court held that there was no case or controversy because the parties had colluded in the suit. The landlord "defendant" instructed the tenant "plaintiff" to file the suit for the purpose of getting a federal court to declare a price-control statute unconstitutional. 319 U.S. at 304. The plaintiff, using a fake name, "did not employ, pay, or even meet the attorney who appeared of record in his behalf." *Id.* Defendants here never directed Plaintiffs to do anything. On their own initiative, Plaintiffs decided to file a suit with counsel of their choosing. Defendants evaluated the merits of the suit and decided to make an offer of judgment. This reflected both an assessment of the merits of the case and the desire to avoid incurring significant legal costs. This case involves no collusion, so *Johnson* doesn't apply.

Second, the Court's order also said that "if both parties affirmatively desire the same result, no justiciable case is presented." DE47 at 4 (quoting

Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, and Richard D. Freer, *Federal Practice and Procedure* (*Wright & Miller*), vol. 13, § 3530, p. 690 (3d ed., West 2008)). "The purpose of the case-or-controversy requirement is to 'limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.'" *GTE Sylvania, Inc. v. Consumers Union of U. S., Inc.*, 445 U.S. 375, 382 (1980) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). And, "there is no Art. III case or controversy when the parties desire 'precisely the same result.'" *Id.* at 383 (quoting *Moore v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 47, 48 (1971)).

But just because there has been an accepted offer of judgment does not mean the parties "desire the same result." Defendants wish this case hadn't been filed at all. But filed it was. And once faced with Plaintiffs' claims, the defendants found themselves in agreement as to the merits. This is unsurprising, given the revolution in Second Amendment jurisprudence since Florida adopted its waiting period provisions. Typically—unless the narrow exceptions discussed below apply—when the parties agree to a resolution using Rule 68, the clerk should enter judgment for the plaintiff, automatically. "Rule 68(a) requires the clerk, as a ministerial act, to enter a judgment that a defendant has 'offer[ed] to allow' while 'defending against a claim.'" *Collar v. Abalux, Inc.*, 895 F.3d 1278, 1284 (11th Cir. 2018) (quoting Fed. R. Civ. P.

68(a)); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002) ("[A] plaintiff faced with a Rule 68 offer may only accept or refuse. If he accepts, the court automatically enters judgment in his favor; if he refuses, the case proceeds."). An offer of judgment brings conflicting parties into alignment on how to proceed. But the offer required Defendants to "allow judgment be entered in favor of Plaintiffs." DE45-1 at 4. And the offer was made only "for the purposes specified in Rule 68 and is not to be construed as an admission that Defendants are liable in this action or that Plaintiffs suffered any damage." *Id.* So, until the terms of the offer have been implemented by entering judgment as the parties agreed, the parties are in the same non-aligned position they were prior to the agreement. *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1152–53 (11th Cir. 2008) ("An offer of judgment, as contemplated by Rule 68, requires that a judgment be entered in favor of the offeree.").

If the mere act of agreement, without enforcing the terms of the offer or achieving the purposes of the rule, meant the case should be dismissed for lack of adversity, Rule 68 could never be enforced. Under this interpretation, any time parties agreed to an offer of judgment under Rule 68, a court would be obligated to dismiss for lack of jurisdiction because the parties now desired the same result. But the very "purpose of Rule 68 is to encourage the settlement of litigation." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

As noted above, however, there are exceptions to the generally self-executing nature of Rule 68. For example, "[t]he decision whether to enter any injunction is ultimately within the court's discretion." *Wright & Miller* § 3005. The Court must also ensure that the injunction complies with the law and federal rules. *See, e.g.*, Fed. R. Civ. P. 65(d)(1) ("Every order granting an injunction and every restraining order must . . . state the reasons why it issued; state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required").

Defendants believe that the waiting period clearly violates the Second Amendment. Like the Tenth Circuit concluded, "acquiring, purchasing, and possessing firearms is a necessary predicate to keeping and bearing them." *Ortega v. Grisham*, 148 F.4th 1134, 1143 (10th Cir. 2025) (citations omitted).[1] "[T]he government cannot delay the exercise of a right because it believes that citizens might misuse it without sufficient time to reflect beforehand." *Id.* at 1145. Firearm purchase waiting periods find no "historical analogue" in the Founding or Reconstruction eras. *United States v. Rahimi*, 602 U.S. 680 at

[1] The First Circuit's decision permitting a potentially unlimited waiting period because "laws regulating the purchase or acquisition of firearms do not target conduct covered by the Second Amendment's 'plain text,'" *Beckwith v. Frey*, 171 F.4th 560, 568 (1st Cir. 2026), runs counter to binding Eleventh Circuit precedent. In *Fla. Comm'r of Agric. v. Att'y Gen. of United States*, while in the context of medical marijuana users rather than a waiting list, the Eleventh Circuit said about *Bruen*'s first step that the "conduct of attempting to purchase and possess firearms for self-defense purposes is clearly covered by the Second Amendment's plain text." 148 F.4th 1307, 1317 (11th Cir. 2025). The First Circuit's decision also misaligns with other circuits' treatment of *Bruen*'s first step. *See Reese v. ATF*, 127 F.4th 583, 589–90 (5th Cir. 2025); *Nguyen v. Bonta*, 140 F.4th 1237, 1240 (9th Cir. 2025).

699–700; *see Ortega*, 147 F.4th at 1150–54. Quite the opposite, waiting periods are modern innovations—the first state laws like Florida's "did not appear until the 1990s." *See Ortega*, 147 F.4th at 1150. To the extent the Court would like the issue briefed, Defendants do not oppose. But no authority suggests that dismissal is an appropriate remedy when the parties have agreed to an offer of judgment, and the lopsided nature of the merits on this issue suffice for this Court to enter an injunction.

Defendants respectfully request that the Court enter judgment under Rule 68. *See* DE46 at 2–3.

September 23, 2026

Respectfully submitted,

James Uthmeier
*Attorney General*

David M.S. Dewhirst
*Solicitor General*

Jason J. Muehlhoff
*Chief Deputy Solicitor General*

*/s/ Thomas F. Kelly*
Thomas F. Kelly (FBN 1059362)
*Assistant Solicitor General*
John P. Scoggin (FBN 1058864)
*Assistant Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
John.Scoggin@myfloridalegal.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on September 23, 2026, a true and correct copy of this document was filed electronically with the Clerk of Court's CM/ECF system, which will send notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Thomas F. Kelly*
Assistant Solicitor General