**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| MITCHELL JAMES DUNN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARK GLASS, *et al.*,<br><br>Defendants. | No. 8:25-cv-02264-SDM-AEP |

**DECLARATION OF MICHAEL D. McCOY**

I, Michael D. McCoy, declare as follows:

1. I am Michael D. McCoy. I am one of the Plaintiffs' counsel in the above-entitled case, and I have personal, firsthand knowledge of the facts contained in this Declaration.

2. I am the Director of the Center to Keep and Bear Arms at Mountain States Legal Foundation (MSLF), a public-interest law firm based in Lakewood, Colorado. MSLF is dedicated to the protection and restoration of constitutional rights, individual liberty, and the free enterprise system through legal action.

3. As the Director of MSLF's Center to Keep and Bear Arms, my primary role is to provide pro bono legal services to those Americans whose constitutionally protected right to keep and bear arms has been infringed by government action.

4. In March of 2025, after previously filing two firearms waiting period cases in the Tenth Circuit (*Ortega v. Grisham* in the District of New Mexico and *Garcia v. Polis* in the District of Colorado), both of which—at that time—had sustained

negative rulings at the district court level, MSLF decided to file our next challenge to a state's firearms waiting period law in the Eleventh Circuit with the hope of building a favorable record for appellate review. Our research revealed that Florida maintained two "cooling-off style" firearms waiting period laws that were nearly identical to the ones we had already challenged in Colorado and in New Mexico: Florida Statute § 790.0655 subsections (1)(a), (2)(a)-(d), and (3)(a),1 and Article I, section 8(b) and (c) of the Florida Constitution (hereinafter referred to collectively as the "Waiting Period Provisions").

5. On May 29, 2025, MSLF entered into co-counsel agreements with Matthew Larosiere—local counsel in the Middle District of Florida, and Joe Greenlee—counsel for the National Rifle Association (NRA).

6. Over the following two months, Mr. Larosiere, Mr. Greenlee and I connected with Floridians who expressed interest in joining the challenge of the Waiting Period Provisions. These prospective plaintiffs included individuals as well as owners / representatives of firearm retailer stores. Ultimately, three individual plaintiffs, one gun store plaintiff, and one organizational plaintiff (the NRA) agreed to be plaintiffs in the case.

7. On August 25, 2025, Plaintiffs filed the present action against the Commissioner of the Florida Department of Law Enforcement, the Attorney General, and three State Attorneys. [ECF No. 1.] The lawsuit sought a declaration under 28 U.S.C. §2201 that Florida's Waiting Period Provisions violate the Second Amendment and an injunction blocking their future enforcement. The suit also sought damages

under 42 U.S.C. § 1983 for violations of the Constitution by state officials acting under color of state law.

8. At no point prior to the filing of the Complaint did I have any communication with the Defendants or their counsel regarding the underlying merits of the case or any of the claims or facts asserted in this action.

9. On March 20, 2026, Plaintiffs filed their Amended Complaint. [ECF No. 21.] In addition to including all twenty of Florida's State Attorneys as defendants, the Amended Complaint included an additional individual plaintiff and one further gun store plaintiff. Plaintiffs also made other substantive changes to the Amended Complaint, including removing their challenge to the constitutionality of Florida Statute § 790.0655 subsections (1)(b) or (3)(b).

10. On June 1, 2026, the undersigned received the following email message from Christine Pratt:[1]

> *Mike,*
>
> *In the interest of conserving judicial and parties' resources, and in resolving this case in a timely manner, all 22 Defendants submit to Plaintiffs this offer of judgment in Dunn v. Glass (case no. 8:25-cv-2264), pursuant to Rule 68 of the Federal Rules of Civil Procedure.*
>
> *We will agree to a judgment that includes statewide relief for Plaintiffs and reasonable attorney's fees, see attached. Let us know if you would like to discuss.*
>
> *Best, Christine Pratt*
>
> Ex. A-1 (

[1] The Defendants' Offer of Judgment was attached to the email message.

11. Plaintiffs' counsel was caught completely off-guard by the Defendants' June 1, 2026, Offer of Judgment. There had been no indication that Defendants were inclined to try to settle the case any time soon given their recently filed adversarial Answers.
12. Between June 2 and 5, 2026, there was back and forth between the parties on the Offer of Judgment, resulting in changes being made to that document.
13. On June 5, 2026, Plaintiffs filed their Notice of Acceptance of the Offer of Judgment. [ECF No. 45.]
14. On June 30, 2026, the parties filed a Joint Motion for Entry of Final Judgment by all parties. [ECF No. 46.]

I declare under penalty of perjury under the laws of the United States of America and the State of Florida that the foregoing is true and correct.

Executed in El Dorado Hills, California, this 23rd day of September 2026.

**BY:** *<u>/s/ Michael D. McCoy</u>*
MICHAEL D. McCOY