UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MITCHELL JAMES DUNN, *et al.*,

Plaintiffs,

v. CASE NO. 8:25-cv-02264-SDM-AEP

MARK GLASS, *et al.*,

Defendants.
___________________________________/

**ORDER**

The parties in this action present an important constitutional question but employ a novel application of Rule 68 to attempt to coerce a judicial resolution of the question. Four Florida residents who are retail customers of firearms, two retail firearms businesses, and a national association "devoted to protecting the right to keep and bear arms" sue the Commissioner of the Florida Department of Law Enforcement, the Attorney General of Florida, and Florida's twenty state attorneys, each of the twenty a constitutional officer of Florida under Article V, Section 17, of the Florida Constitution. Under the Second and Fourteenth Amendments to the Constitution of the United States, the plaintiffs challenge the mandatory three-day wait "between the purchase and delivery of a firearm," a wait prescribed by Sections 8(b) and (c) of Article I of the Florida Constitution and implemented by Sections 790.0655(1)(a), (2)(a)–(d), and (3)(a).

On June 5, 2026, the defendants served the plaintiffs with an offer (Doc. 45-1) of judgment. The same day, the plaintiffs accepted (Doc. 45) the defendants' offer of judgment. On June 30, 2026, the parties moved (Doc. 46) for entry of a judgment to include these determinations in accord with the Rule 68 offer:

> Declare pursuant to 28 U.S.C. § 2201 that Florida Statutes § 790.0655(1)(a), (2)(a)–(c), and (3)(a), Article I, section 8(b), and Article VIII, section 5(b) of the Florida Constitution violate the Second Amendment of the United States Constitution, as incorporated against the State of Florida by the Fourteenth Amendment, to the extent those laws require retailers to hold a firearm beyond the time required to perform a background check.
>
> Enter a permanent injunction enjoining Defendants, along with their officers, agents, employees, successors, and all persons acting in concert with them, from enforcing Florida Statutes § 790.0655(1)(a), (2)(a)–(c), and (3)(a), Article I, section 8(b), and Article VIII, section 5(b) of the Florida Constitution to the extent they require retailers to hold a firearm beyond the time required to perform a background check. Within seven days of the entry of the Court's Final Judg[]ment, Defendants shall promptly notify all relevant state agencies, law-enforcement personnel, and regulatory bodies of the cessation of the enforcement of the challenged law.
>
> Award Plaintiffs reasonable attorney fees and costs in the amount often thousand dollars ($10,000).
>
> Plaintiffs will not receive damages.

Rule 68 is normally a simple, mechanical, and efficient tool to summarily terminate litigation by formalizing an agreed result in routine litigation. Relying on the statement in *Collar v. Abalux, Inc.*, 895 F.3d 1278 (11th Cir. 2018), that the clerk's entry of a Rule 68 judgment is a "ministerial act," the parties insist that Rule 68 leaves no room for judicial discretion. However, the parties' agreed result in this instance includes a declaratory judgment and a permanent injunction. The proposed declaration would determine that a provision of Florida's constitution and an implementing

statute are violative of the Second Amendment as applied to the state through the Fourteenth Amendment. The proposed permanent injunction would preclude the principal law enforcement officials of Florida from enforcing the specified parts of Florida's constitution and statutes.

First, the posture of this action suggests that a constitutional determination is unavailable because prudential considerations require both "concrete adverseness" and the consequent full and adversarial presentation of the issues before a federal court can adjudicate an issue of law, especially a constitutional issue that might invalidate state law.[1] The constitutionality of a mandatory three-day wait between the purchase and delivery of a firearm presents a prominent and vigorously debated question of law.[2] As an earlier order (Doc. 47) observes:

> Other than the pleadings, documents pertaining to service and return of process, extensions of time, and other procedural matters, the docket in this action reveals no material record activity, such as a motion to dismiss, a motion for summary judgment, or the like. More specifically, although this action challenges the validity of a provision of the state's constitution and an implementing statute and depends on an

---

[1] *United States v. Windsor*, 570 U.S. 744, 745 (2013), explains that, in addition to the requirement of jurisdictional standing under Article III, "prudential considerations" demand the presence of "concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." (citing *Baker v. Carr,* 369 U.S. 186, 204 (1962)). *Windsor* identifies as one consideration "the extent to which adversarial presentation of the issues is ensured by the participation of *amici curiae* prepared to defend with vigor the legislative act's constitutionality." 570 U.S. at 745 (citing *Immigr. & Naturalization Serv. v. Chadha,* 462 U.S. 919, 940 (1983)).

[2] This action presents a "case or controversy" that is part of an intense and active national dispute about the boundaries of the Second Amendment, a dispute evidenced by a review of the docket of the Supreme Court. Hayley Lawrence, *SCOTUS Gun Watch 10/13/2026*, Duke Center for Firearms Law (October 13, 2026), https://firearmslaw.duke.edu/2026/10/scotus-gun-watch-10-13-2026. On October 19, 2026, the Supreme Court denied *certiorari* in *Beckwith v. Frey.* 171 Fed. 4th 560 (1st Cir. 2026) (upholding the constitutionality of Maine's mandatory three-day wait between purchase and delivery of a firearm).

> application of the Second and Fourteenth Amendments to the Constitution of the United States, the docket is devoid of any discussion (other than the content of the complaint) on the merits of the plaintiffs' claims.
>
> The absence of adversarial presentations is striking. Concerning the constitutionality of a mandatory three-day waiting period, neither the plaintiffs nor the defendants cite any controlling authority from the Supreme Court of the United States or the Eleventh Circuit Court of Appeals. Concerning the constitutionality of a mandatory three-day waiting period, neither the plaintiffs nor the defendants acknowledge the precedent in the other circuit courts of appeals, precedent illustrated by the contrast between *Ortega v. Grisham*, 148 Fed. 4th 1134 (10th Cir. 2025) (discussing unfavorably the constitutionality of a seven-day waiting period), and *Beckwith v. Frey*, 171 Fed. 4th 560 (1st Cir. 2026) (discussing favorably the constitutionality of a three-day waiting period). Based on a complaint, an answer, and the acceptance of an offer of judgment but without adversarial briefing or other argument and despite an array of opinion among the circuits on the governing issue in the action, the parties request a summary adjudication on a matter currently the subject of intense debate and litigation around the country, that affects the United States and the Florida constitutions, and that resolves the validity of a Florida statute.

Second, permanently enjoining the enforcement of a part of Florida's constitution and the implementing statutes depends on a valid exercise of remedial power under the Fourteenth Amendment, a power unavailable to the parties under any circumstances and available to the court only after an adjudication that the Fourteenth Amendment is violated. In other words, by an arcane deployment of Rule 68, the parties attempt to secure two things, neither of which is available in the present posture of this action: an adjudication that a state law is unconstitutional under the United States Constitution, which is available only after full and adversarial presentation of the issues and a remedy, enjoining the enforcement of state law, which is available only after a determination that the state law violates the Fourteenth Amendment.

Because in the circumstances of this case (or any other that is readily discernible) neither the declaratory judgment nor the permanent injunctive relief that the parties request is available through the summary and coercive procedure in Rule 68, the joint motion (Doc. 46) for entry of a judgment is **DENIED**. The clerk is **DIRECTED** not to enter the judgment sought by the parties under Rule 68.

The Governor of Florida, the Florida House of Representatives, the Florida Senate, the Brady Center to Prevent Gun Violence, and the Giffords Law Center to Prevent Gun Violence are invited to participate in this action as *amici curiae* by filing a brief no later than **FEBRUARY 1, 2027**. If electing to participate, a participant should file a notice by **NOVEMBER 30, 2026**. Any others interested and qualified may move no later than **NOVEMBER 30, 2026**, for leave to appear and file an *amicus* brief no later than **FEBRUARY 1, 2027**.

No later than **FEBRUARY 1, 2027**, the Governor of Florida, the Florida House of Representatives, the Florida Senate, the Brady Center to Prevent Gun Violence, and the Giffords Law Center to Prevent Gun Violence (and others after a motion and order) each may file an *amicus* brief not longer than twenty-five pages (excluding the case caption and the signature block). No later than **FEBRUARY 19, 2027**, the plaintiffs and the defendants may each file a brief not longer than twenty-five pages (excluding the case caption and the signature block).

The clerk is **DIRECTED** to serve this order on **David Axelman**, General Counsel for the Governor of Florida, at The Capital, 400 South Monroe Street, RM

209, Tallahassee, Florida 32399; **Adam Brink**, General Counsel for the Florida House of Representatives, at House Office Building, 402 South Monroe Street, RM 401, Tallahassee, Florida 32399; **Tom Thomas**, General Counsel for the Florida Senate, at The Capitol, 404 South Monroe Street, RM 302, Florida 32399; **Douglas N. Letter**, Chief Legal Officer of the Brady Center to Prevent Gun Violence, at dletter@bradyunited.org; and **J. Adam Skaggs**, Chief Counsel and Vice President of the Giffords Law Center to Prevent Gun Violence, at askaggs@giffords.org.

ORDERED in Tampa, Florida, on October 28, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE